**RE–ACE, INC., Plaintiff,**

v.

**WHEELED COACH INDUSTRIES, INC., Defendant.**

Civil No. 03–1285 (CCC/GAG).

United States District Court, D. Puerto Rico.

April 6, 2005.

Alfredo Fernandez–Martinez, Jose A. Fernandez–Paoli, Delgado & Fernandez, Eyck O. Lugo–Rivera, Martinez Odell &

Calabria, Patricia Lorenzi, San Juan, PR, for Plaintiff.

Eyck O. Lugo–Rivera, Graciela J. Belaval–Bruno, Martinez Odell & Calabria, Mirta E. Rodriguez–Mora, San Juan, PR, for Defendant.

Carmen P. Figueroa, San Juan, PR, for Interested Party.

### OPINION AND ORDER

GELPI, United States Magistrate Judge.

Pending before the Court is defendant Wheeled Coach Industries, Inc.'s ("Wheeled Coach") *Motion to Vacate Opinion and Order and Request for Hearing.* (Docket No. 295). The same is hereby **DENIED** in light of the issues of material fact present in the record as to Re–Ace, Inc.'s ("Re–Ace") status as a dealer protected un the Puerto Rico Dealer's Act ("Law 75"), P.R. Laws Ann. tit. 10 § 278 *et seq.*

The brunt of Wheeled Coach's dissatisfaction with the Court's prior order is the credence given to the statements made by Re–Ace's chief executive officer Carlos Leal ("Leal") for summary judgment purposes. According to Wheeled Coach, such testimony is self-serving for which it should not factor into the Court's summary judgment analysis. Such argument fails in light of First Circuit case law allowing for such declarations in considering a party's summary judgment motion, or opposition thereto. Specifically, in *Cadle Co. v. Hayes*, 116 F.3d 957, 961 n. 5 (1st Cir. 1997), the First Circuit held that:

> "A party's own affidavit, containing relevant information of which he has first hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment."

In the case at bar, Leal's statements were made, not via affidavit, but in a sworn deposition responding to defendant's counsel, and at a preliminary injunction hearing before the Court. *See* Re–Ace **Exhibits B and C.** Hence they were part of the case file to which the Court need look in order to determine whether issues of material fact exist. Fed.R.Civ.P. 56(c). Consequently, Wheeled Coach's complaints of the Court's use of such statements fails. While Leal's statements may be contradicted in various manners at trial, at the summary judgment stage the Court necessarily must take them into account to determine whether a triable issue exists. Considering that at no point Wheeled Coach has alleged that Leal did not have personal knowledge of the facts he has testified of, such declarations are clearly admissible pursuant to *Hayes.*

Next, Wheeled Coach questions the Court's ruling in light of the factors for dealer status set forth in *Triangle Trading Co. v. Robroy Industries, Inc.*, 200 F.3d 1 (1st Cir.1999). Wheeled Coach claims that the Court should vacate its prior order because it based the denial of summary judgment on factors outside those listed in *Triangle Trading. Id.; Motion to Vacate*, p. 4–5 (Docket No. 295). Said factors are the promotion of the product, keeping an inventory, fixing prices, delivery and billing responsibilities, authority to extend credit, advertising campaigns, assumption of risk, purchasing the product, maintaining facilities, and offering product-related services to clients. *Triangle Trading*, 200 F.3d. at 4–5. However, said list, promulgated by the Puerto Rico Supreme Court in *Roberco, Inc. & Roberto Colon v. Oxford Industries, Inc.*, 1988 WL 580769, 122 D.P.R. 115, 22 P.R. Offic. Trans. 115 (1988), is not exhaustive. As stated by the Puerto Rico Supreme Court in *Roberco*, "[m]ore [factors] could be added inasmuch as a complete list is not intended." 1988 WL 580769, 22 P.R. Offic. Trans. 107, 123. Thereafter in *Cobos–Liccia v. DeJean*

*Packing Co., Inc.,* 1989 WL 551121, 124 D.P.R. 896, 907 (1989), The Puerto Rico Supreme Court added that not all of the factors need be present for a finding of dealership status, rather the Court must view them in light of the evidence presented. *Id.*

▮ In light of the preceding, Wheeled Coach's challenge to the Court's prior order fails. In its prior ruling, the Court found that the evidence of record established, not that Re–Ace was in fact a dealer protected under Law 75, as Wheeled Coach argues, but that sufficient issues of material fact existed as to that particular so as to warrant denial of summary judgment. Specifically, the Court found that the following factors necessitated denial: (1) the existence of a "distributor's contract" signed by a former Wheeled Coach president, which purportedly governed the relationship between the parties, and whose terms were different than those Wheeled Coach adopts with its agents and/or brokers; (2) Re–Ace's role in initially contacting Wheeled Coach to begin production of the ambulances; (3) Re–Ace's alleged role in providing warranty service to Wheeled Coach customers; (4) Re–Ace's duty to inform Wheeled Coach where to deliver the ambulances; (5) contacting the Ford dealers ultimately respon-sible for selling the product to the end users; (6) the fact that if an order were cancelled after being ordered, Re–Ace would be responsible for payment of the unit to Wheeled Coach; (7) collateral matters consistent with possible dealer status such as the deference shown to Re–Ace by Wheeled Coach, and Re–Ace's involvement in dealer-only events; and Re–Ace's authority to self impose its profit margin, in essence thus establishing the price per unit for sale to the Ford dealers. *See Re–Ace, Inc. v. Wheeled Coach Industries, Inc.,* 343 F.Supp.2d. 97, p. 101–02 (D.P.R. 2004). The factors listed arguably speak to some of the *Roberco* factors, namely price fixing,[1] delivery and billing responsibilities, assumption of risk, and offering product-related services to clients. Those factors not related to the *Roberco* list add to the possibility that Re–Ace "effectively [had] in [its] charge in Puerto Rico the distribution, agency, concession or representation" of Wheeled Coach ambulances. P.R. Laws Ann. tit. 10 § 278(a). Additionally, the Court found that the evidence of record established an almost complete lack of direct involvement by Wheeled Coach in the Puerto Rico market, other than through Re–Ace.[2] *Re–Ace,* 343 F.Supp.2d. at 101.

---

1. Wheeled Coach claims that Re–Ace does not fix the unit prices, and that such conduct is irrelevant because it never obtains title to the ambulances. However, it later admits that the client pays Wheeled Coach the total amount, that which results from Re–Ace adding on its chosen profit margin to the base price. *Motion to Vacate,* p. 11 (Docket No. 295). Hence, in principle Re–Ace does fix the price in relation to the Ford dealers inasmuch as it is given leeway to determine how much it will increase the amount above the base price in order to obtain its desired profit margin. Whether it purchases the vehicles or is the actual seller is irrelevant to its ability to set the ultimate price to Ford dealers, in light of the facts presently before the Court. In any event, at the very least, there exists is an issue of fact as to this particular.

2. While Wheeled Coach denies that Re–Ace even contributed to establishing a market in Puerto Rico, it has failed to proffer any evidence whatsoever of any other efforts, performed by it or another party, geared towards creating or furthering the local market, during the duration of its relationship with Re–Ace. *Motion to Vacate,* p. 10–11 (Docket No. 295). In light of this, the Court also finds that there exists a material issue of fact as to if and to what degree Re–Ace has established a market for Wheeled Coach products in Puerto Rico. *See Re–Ace,* 343 F.Supp.2d. at 101.

In sum, Wheeled Coach's motion to vacate fails to take into account the Court's duty to deny summary judgment unless "there is not the slightest doubt as to whether a genuine issue of material fact exists." *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 804 (1st Cir.1987). "A genuine issue is one that could be resolved in favor of either party, and a material fact is one that has the potential of affecting the outcome of the case." *Calero–Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 19 (1st Cir.2004). Moreover, to survive summary judgment, a plaintiff need not rely on uncontradicted evidence, rather it need only show the Court some indication that it may produce the quantum of evidence necessary to enable it to have the case heard by a jury. *Id.; Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975). It is because of this standard that denial must be affirmed. At the present, there is sufficient evidence in the record as to Re–Ace's standing as a dealer under Law 75 to survive summary judgment. This, however, is not a conclusive finding, and does not bar Wheeled Coach from successfully raising the issue at trial via a Rule 50 motion.

■ Lastly, Wheeled Coach has raised for the first time a "just cause" defense, established in Law 75. However, as stated by the Court previously, the matter at bar is not the vehicle through which the parties may bring arguments not raised during the original summary judgment stage. Such matter was not included in Wheeled Coach's original summary judgment motion, for which it was forfeited. *See Goodman v. Bowdoin College*, 380 F.3d 33, 45 n. 20 (1st Cir.2004); *Romeu v. Cohen*, 121 F.Supp.2d. 264, 273 (S.D.N.Y.2000). This defense, however, has not been waived for trial, if included in the pretrial order.

### CONCLUSION

In light of the preceding, the Court hereby **DENIES** Wheeled Coach's *Motion to Vacate Opinion and Order and Request for Hearing*. (Docket No. 295). Via this ruling the Court expresses no opinion as to whether judgment as a matter of law will be entered in defendant's favor at trial on the issues of Re–Ace being a protected dealer and/or the "just cause" defense.

**IT IS SO ORDERED.**